859 F.2d 153
 109 Lab.Cas. P 10,738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
National Labor Relations Board, Petitioner
v.
Delta Star Utility Contractors, Inc. et al., Respondent.
 No. 88-5777.
 United States Court of Appeals, Sixth Circuit.
 September 30, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Delta Star Utility Contractors, Inc. and Harold Gates, a sole proprietor, d/b/a Delta Star Trucking and Delta Star Electric, Saginaw, Michigan, its officers, agents, successors, and assigns, enforcing its order dated April 22, 1988, in Case No. 7-CA-27412, and the Court having considered the same, it is hereby
 
 
 2
 Ordered and Adjudged by the Court that the Respondent, Delta Star Utility Contractors, Inc. and Harold Gates, a sole proprietor, d/b/a Delta Star Trucking and Delta Star Electric, Saginaw, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 Refusing to bargain with Local 876, International Brotherhood of Electrical Workers, AFL-CIO as the exclusive representative of the employees in the following appropriate unit by failing and refusing to continue in full force and effect the terms and conditions of its collective-bargaining agreements with the Union since July 1985 by, inter alia, not paying contractual wage rates and failing to make contractually required pension, health and welfare, vacation and holiday, and apprentice training fund contributions:
 
 
 4
 All employees who perform outside utility and commercial power and high voltage pipe type cable work and all electrical underground work which is within the jurisdiction of the Union; but excluding all other employees and guards and supervisors as defined in the Act.
 
 
 5
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 7
 (a) Adhere to the terms and conditions of its current collective-bargaining agreement with the Union, including, but not limited to, its provisions governing wage rates and pension, health and welfare, vacation and holiday, and apprentice training fund payments.
 
 
 8
 (b) Make the contractually required contributions to the fringe benefit funds that the Respondent unlawfully failed to make since July 1985.
 
 
 9
 (c) Make whole the unit employees in the manner set forth in the remedy section of the Board's decision.
 
 
 10
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.[1]
 
 
 11
 (e) Post at its facility in Saginaw, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (f) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 
 
 [1]
 The General Counsel has requested that the Board's Order include a visitorial clause. We find no need for such a remedial provision in the circumstances of this case. See Cherokee Marine Terminal, [1987-88 CCH NLRB p 19,266] 287 NLRB No. 53 (Jan. 28, 1988)